ERVIN, J.
The state appeals three orders[1] wherein the trial court granted the motions to dismiss filed by appellees, Mario Diaz, Ray Cooley, and Hysim Caldwell, holding that none had been arraigned or tried during the term in which the information was filed against him, in violation of section 907.055, Florida Statutes (1997).[2] We reverse, be *1083 cause when the informations were filed, none of the appellees was in custody for the offenses charged therein, thus the statute was inapplicable.
Section 907.055 is contained in chapter 907, entitled “Procedure After Arrest.” Three of the other four statutes in chapter 907 deal with procedures that must be followed when a defendant is arrested and taken into custody for the offenses charged in an indictment or information.[3] Because section 907.055 applies to a defendant who is in custody when the indictment or information is filed, we interpret the term “in custody” in a manner consistent with the other provisions, meaning that the defendant must be tried within the same term an information is filed only when such defendant is in custody for the offenses charged in that information.[4]
Cooley, Caldwell and Diaz were in prison for previous crimes when informa-tions were filed charging each of them with committing battery on a correctional officer. Because they “fell through the cracks,” as the state concedes, none was arraigned until over a year after the information was filed. Cooley and Caldwell were not arrested or served with a notice to appear for the batteries until they had been released from prison. Diaz has remained incarcerated at all times. Hence, appellees were not in custody for battery on a correctional officer when the informa-tions charging such offenses were filed, and section 907.055 did not apply.
REVERSED and REMANDED with directions to the trial court to reinstate the informations against appellees.
BARFIELD, C.J., CONCURS.
JOANOS, J„ CONCURS IN RESULTS IN WRITTEN OPINION.

. We consolidated these three appeals for the purpose of issuing one opinion.

. Section 907.055 provides:
*1083 Trial of persons in custody. — A defendant who is in custody when an indictment or information for a felony is filed shall be arraigned and tried during the term when the indictment or information is filed unless good cause is shown for a continuance.

. §§ 907.04, 907.041 & 907.045, Fla. Stat. (1997). The fourth statute in chapter 907 urges the circuit court to try criminal cases before other cases within each term. § 907.05, Fla. Stat (1997).

. Analogously, Florida Rule of Criminal Procedure 3.191(d), the speedy-trial rule, defines being in custody as, "(1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest.” (Emphasis added.)